Jon W. HEYL, Petitioner

v.

J. Randolph BABBITT, Administrator,
U.S. Federal Aviation Administration,
Respondent.

No. 09–1151.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 4, 2010.

Joseph Michael Lamonaca, Esquire, Law Office of Joseph M. Lamonaca, Chadds Ford, PA, for Petitioner.

Angel Collaku, Federal Aviation Administration (FAA), Office of the Chief Counsel, Washington, DC, for Respondent.

Before: GINSBURG, BROWN and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This petition for review of an order of the National Transportation Safety Board was considered on the briefs and the appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied.

Jon Heyl petitions for review of an NTSB order affirming the FAA's revocation of his pilot certificate and airman medical certificate. Heyl appeared for a mandatory pre-employment drug test but he left the testing site before producing the required 45 mL specimen of urine. *See* 49 C.F.R. § 40.65(a). Heyl's "[f]ail[ure] to remain at the testing site until the testing process is complete" constitutes a refusal to test. § 40.191(a)(2).

Heyl argues the FAA's complaint against him was untimely, the test was conducted improperly, and some evidence should not have been considered. Although the NTSB's rules generally require the dismissal of a complaint filed more than six months after the offense, the six month limit does not apply to a complaint that presents "an issue of lack of qualification." § 821.33(b). Heyl does not contest the FAA's assertion that this case involves such an issue. Heyl's arguments about problems with the testing procedures are essentially irrelevant because substantial evidence supports the findings that he neither "provided a sufficient urine specimen" nor waited the required three hours in order to trigger the full procedures for shy bladder. § 40.193(b)(2). Finally, the administrative law judge properly determined that evidence relating to Northwest Airlines's kiosk was relevant to establish Heyl's premature departure from the testing site. *See* 5 U.S.C. § 556(d); 49 C.F.R. § 821.38.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The

Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.